# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIE B. CARROLL,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00623-SKO PC<br><br>ORDER DENYING MOTION FOR HEARING AND DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>(Docs. 7-9) |

    Plaintiff Arvie B. Carroll, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 9, 2010. On January 26, 2011, Plaintiff filed a motion seeking a temporary restraining order and/or a preliminary injunction prohibiting prison officials from enforcing Pleasant Valley State Prison's outdoor staging policy against him. Plaintiff also seeks a hearing on the motion.

    Pursuant to Local Rule Local Rule 230(l), motions are submitted upon the record without oral argument, and Plaintiff's motion for a hearing is therefore denied.

    "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, ___, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winters, 555 U.S. at ___, 129 S.Ct. at 374 (citations omitted). In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief

1  in any civil action with respect to prison conditions shall extend no further than necessary to correct
2  the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or
3  approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no
4  further than necessary to correct the violation of the Federal right, and is the least intrusive means
5  necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

6  For each form of relief sought in federal court, Plaintiff must establish standing. <u>Summers</u>
7  <u>v. Earth Island Institute</u>, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (citation omitted); <u>Mayfield</u>
8  <u>v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show
9  that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must
10 be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged
11 conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or
12 redress the injury. <u>Summers</u>, 129 S.Ct. at 1149 (quotation marks and citation omitted); <u>Mayfield</u>,
13 599 F.3d at 969.

14 In a separate order issued concurrently with this order, the Court screened Plaintiff's
15 amended complaint and found that Plaintiff failed to state a cognizable claim arising out of the
16 outdoor staging policy.  Therefore, Plaintiff does not have standing to seek preliminary injunctive
17 relief directed at prohibiting enforcement of that policy. 18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 129
18 S.Ct. at 1149; <u>Mayfield</u>, 599 F.3d at 969.

19 Accordingly, for the reasons set forth herein, Plaintiff's motion for a hearing is DENIED, and
20 Plaintiff's motion for a preliminary injunction is DENIED.

22 IT IS SO ORDERED.

23 **Dated:   April 28, 2011**            /s/ Sheila K. Oberto
                                 UNITED STATES MAGISTRATE JUDGE