# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARVIE B. CARROLL,

Plaintiff,

v.

JAMES A. YATES, et al.,

Defendants.
_____/

CASE NO. 1:10-cv-00623-LJO-SKO PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT DUTRA'S MOTION TO DISMISS BE DENIED

(Doc. 29)

TWENTY-DAY OBJECTION DEADLINE

## Findings and Recommendations Addressing Defendant's Motion to Dismiss

## I. Procedural History

Plaintiff Arvie B. Carroll, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 9, 2010. This action is proceeding on Plaintiff's amended complaint, filed on April 12, 2011, against Defendants Dutra and Soto for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment of the United States Constitution.

On July 25, 2011, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dutra (Defendant) filed a motion to dismiss for failure to state a claim and on the ground of qualified immunity.[1] Plaintiff filed an opposition on August 5, 2011, and Defendant filed a reply on August 15, 2011.

///

[1] Defendant Soto has not yet been located and served with process.

**II. Discussion**

**A. Legal Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, the Court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Further, although the pleading standard is now higher, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

**B. Cognizablility of Plaintiff's Eighth Amendment Medical Care Claim**

Defendant argues that he is entitled to dismissal of Plaintiff's Eighth Amendment claim against him because Plaintiff alleges no facts showing that he forced Plaintiff to wait outside in the cold or that he refused Plaintiff's request for medical treatment for his eye. Defendant also argues that there is no plausible factual basis for Plaintiff's claim that the exposure to cold weather harmed his eye or that he suffered any harm as a result of his cancelled lab appointment.

///

The Court has already screened Plaintiff's amended complaint for claim cognizability and in doing so, it issued a thorough, detailed order explaining the bases for its findings. 28 U.S.C. § 1915A; Doc. 23. The screening standard is the same standard which governs Rule 12(b)(6) motions, and in moving to dismiss, Defendant makes no effort to distinguish the grounds for his motion from those set forth in the previously-issued screening order or to otherwise articulate where the Court erred. Indeed, the motion is devoid of any recognition that the amended complaint was screened and a ruling issued on the cognizability of Plaintiff's claim.

The Court takes a dim view of motions to dismiss for failure to state a claim under these circumstances, and given that Defendant's motion fails to set forth any new or different grounds not previously considered by the Court, it declines to "rethink what it has already thought.'" Sequoia Forestkeeper v. U.S. Forest Service, No. CV F 09-392 LJO JLT, 2011 WL 902120, at *6 (E.D.Cal. Mar. 15, 2011) (quoting United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998)).[2] Accordingly, the Court recommends that Defendant's motion to dismiss for failure to state a claim be denied, with prejudice.

**C. Qualified Immunity**

**1. Legal Standard**

Defendant also argues that he is entitled to qualified immunity, which shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 815 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986).

///

---

[2] An exhaustive recitation of the facts set forth in Plaintiff's amended complaint and the Court's analysis may be found in the screening order.

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001); Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address qualified immunity claims in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. Pearson, 555 U.S. at 236, 129 S.Ct. at 818 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

**2. Conduct Which Violated the Eighth Amendment**

The Court previously considered whether Plaintiff stated a claim for violation of the Eighth Amendment and it concluded he did. 28 U.S.C. § 1915A; Court Doc. 20. Prison officials are liable under the Eighth Amendment if they knowingly disregard an excessive risk of harm to a prisoner's health or safety, Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994), and Plaintiff alleges Defendant knew that he had just had eye surgery and that the cold, outdoor conditions in which Plaintiff was forced to wait for his medical appointment were causing Plaintiff's eye to tear up and hurt. Plaintiff complained to Defendant about the effect of the weather on his eye three times over the course of approximately forty-five minutes before giving up his appointment and returning to his cell, at which time he noted there was blood in the white of his eye and yellow discharge oozing from the corner. What the admissible evidence will ultimately reveal is unknown at this juncture, but at the pleading stage, Plaintiff's allegations are accepted as true and are sufficient to support a viable claim for relief under the Eighth Amendment.

**3. Clearly Established Right**

Having determined Defendant's conduct violated the Eighth Amendment, the Court must determine whether the right was clearly established. "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515 (2002). While the reasonableness inquiry may not be undertaken as a broad, general proposition,

neither is official action entitled to protection "unless the very action in question has previously been held unlawful." Hope, 536 U.S. at 739. "Specificity only requires that the unlawfulness be apparent under preexisting law," Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) (citation omitted), and prison personnel "can still be on notice that their conduct violates established law even in novel factual circumstances," Hope, 536 U.S. at 741. The salient question is whether the state of the law in 2008 gave Defendant fair warning that his alleged treatment of Plaintiff was unconstitutional. Hope, 536 U.S. at 741 (quotation marks omitted).

By 2008, "[t]he general law regarding the medical treatment of prisoners was clearly established," and "it was also clearly established that [prison staff] could not intentionally deny or delay access to medical care." Clement, 298 F.3d at 906 (quotation marks and citations omitted); see also Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291 (1976). Defendant's arguments that he acted reasonably under the circumstances by allowing Plaintiff to return to his housing unit as long as he signed a refusal of treatment form; that he did not force Plaintiff to endure harsh weather but instead was merely enforcing the outdoor staging policy; and that Plaintiff chose to wait outside are not supported by a fair reading of Plaintiff's complaint.

Plaintiff had recently had cataract surgery on his left eye, and he was at the medical clinic for a scheduled blood draw.[3] Notably, Plaintiff's allegations do not indicate that Defendant misunderstood him or was unaware of his condition. Rather, Defendant was aware of the eye injury, having been told about it three times within forty-five minutes, and Defendant was told twice that Plaintiff's injured eye was hurting and tearing up from the cold. During their second conversation, Plaintiff requested that he be allowed to return to his housing unit until the lab technician was ready to draw his blood. Defendant told Plaintiff he would have to sign a refusal of treatment form if he wanted to return to his housing unit. In the alternative, he could go back outside and wait, which he did. During the third conversation, Plaintiff again requested to wait inside in the holding cell and when his request was denied, he asked for his ID back so he could go to his housing unit. Defendant refused to give the ID back unless Plaintiff signed a refusal of treatment form, which he did and

[3] Despite Defendant's contention to the contrary, Plaintiff's claim arises out of the injury to his eye, not that he suffered an injury because he missed a blood draw.

which he specifically alleges was done under duress.

Neither party disputes the existence of the prison's outdoor staging policy for medical appointments, but Defendant may not rely on the policy to excuse his own failure "to take reasonable measures to abate" the risk of harm to Plaintiff, having been placed on notice of the problem. Farmer, 511 U.S. at 847. The law was sufficiently clear that a reasonable officer would have known that he could not ignore complaints of eye pain and tearing from an inmate waiting outside for a medical appointment when that inmate had an eye injury, and the eye pain and tearing were attributed to the outdoor weather conditions in which the inmate was being forced to wait. What the evidence will show remains to be seen, but under the circumstances as alleged at the pleading stage, Defendant is not entitled to qualified immunity. The Court recommends that Defendant's motion to dismiss on the ground of qualified immunity be denied, with prejudice to being raised in a 12(b)(6) motion.[4]

## III. Recommendation

For the reasons set forth herein, the Court RECOMMENDS that Defendant Dutra's motion to dismiss, filed on July 25, 2011, be DENIED, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: November 28, 2011** **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE

[4] Defendant is free to raise qualified immunity again, but not at the pleading stage in a motion to dismiss.