# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIE B. CARROLL,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-00623-LJO-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SHORTEN TIME AND DENYING DEFENDANT'S RULE 56(D) MOTION WITHOUT PREJUDICE TO RENEWAL<br><br>(Docs. 50 and 53)<br><br>THIRTY-DAY DEADLINE |

      Plaintiff Arvie B. Carroll, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 9, 2010. This action is proceeding on Plaintiff's amended complaint against Defendants Dutra and Soto for acting with deliberate indifference to Plaintiff's serious medical needs on December 17, 2008, in violation of the Eighth Amendment of the United States Constitution.

      On February 2, 2012, the Court issued a scheduling order which opened the discovery phase of this litigation and set the deadline for the completion of all discovery for October 2, 2012. On March 28, 2012, Plaintiff filed a motion for summary judgment and a motion seeking to shorten the time for Defendant Dutra to respond to his motion.[1] Fed. R. Civ. P. 56(a); Local Rule 144(e). On April 10, 2012, Defendant filed a motion requesting that Plaintiff's motion for summary judgment be denied without prejudice or that consideration of the motion be deferred pending completion of

---

[1] Defendant Soto has not yet made an appearance in this action, although she has waived service. Fed. R. Civ. P 4(d).

1

1  discovery. Fed. R. Civ. P. 56(d). Plaintiff filed an opposition on April 18, 2012, and no reply was
2  filed. Local Rule 230(l).
3        "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present
4  facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it;
5  (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other
6  appropriate order." Fed. R. Civ. P. 56(d). Defendant bears the burden of specifically identifying
7  relevant information, where there is some basis for believing that the information actually exists, and
8  demonstrating that the evidence sought actually exists and that it would prevent summary judgment.
9  Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and
10 citation omitted); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir.
11 2006).
12       In this instance, Plaintiff filed a motion for summary judgment shortly after the discovery
13 phase of this litigation opened and well before the October 2, 2012, discovery deadline. At this stage
14 in the proceedings, Defendant has most likely only begun to gather evidence. However, more is
15 required of Defendant to prevail on a Rule 56(d) motion, and the Court cannot grant the motion
16 based on the grounds articulated, which are very general in nature and which do not identify any
17 relevant, existing information sought by Defendant which would prevent summary judgment.
18 Blough, 575 F.3d 1091 n.5; Tatum, 441 F.3d 1100-01.
19       Defendant's Rule 56(d) motion shall be denied, without prejudice. Plaintiff's motion to
20 shorten time, for which there is no justification, shall be denied. Local Rule 144(e). Defendant has
21 thirty days from the date of service of this order within which to either renew his Rule 56(d) motion
22 or file an opposition or a statement of non-opposition to Plaintiff's motion for summary judgment.
23       Accordingly, it is HEREBY ORDERED that:
24       1.     Plaintiff's motion to shorten time, filed on March 28, 2012, is DENIED;
25       2.     Defendant's Rule 56(d) motion, filed on April 10, 2012, is DENIED, without
26              prejudice; and
27 ///
28 ///

3. Within **thirty (30) days** from the date of service of this order, Defendant shall either (1) renew his Rule 56(d) motion with additional support or (2) file an opposition or a statement of non-opposition to Plaintiff's motion for summary judgment.

IT IS SO ORDERED.

**Dated:     May 29, 2012**                              /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE

3